# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY A. EWING, #N-87979,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 10-cv-743-DRH** |
| | ) | |
| **DAVE REDNOUR,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Jeffrey A. Ewing, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, to challenge his pending prosecution on a murder charge. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### THE PETITION

According to the Illinois Department of Corrections, Petitioner has been in custody since February 5, 1999, and has been convicted of intentional murder in Madison County Case No. 96-CF-2295, where he was sentenced to a term of 45 years. Inmate Search, Ill. Dept. Of Corrections, http://www.idoc.state.il.us/subsections/search/inms.asp (last visited Feb. 7, 2011). Petitioner is in simultaneous *pretrial* custody in Madison County Case No. 96-CF-2709 on a December 2, 1999, indictment for the murder of Antonio Ray in January, 1996. (Appendix C, Doc. 1-4, p. 2). It is this pending case which is the subject of the instant petition for habeas relief. The prosecution of Petitioner on the Antonio Ray murder has been delayed by a succession of four unsuccessful interlocutory appeals filed by Petitioner. (*See* Appendix C, Doc. 1-4, *People v. Ewing*, No. 5-07-0716, slip op. at 2-4 (Ill. App. 5th Dist. April 8, 2009)). His Petition for Leave to Appeal to the Illinois Supreme Court on the most recent interlocutory appeal was denied on September 30, 2009. Petitioner also filed a state habeas petition on August 10, 2009, which was still pending as of the date he filed his instant Petition for Writ of Habeas Corpus.

### DISCUSSION

Typically, the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). Petitioner here is clearly in lawful custody resulting from an unrelated conviction. Even if this court were to attempt to free Petitioner from his simultaneous pretrial custody as a result of the instant petition, he would not be free to leave his cell.

More to the point, relief on a writ of habeas corpus can only be considered for "a person in custody pursuant to the *judgment* of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). As disclosed by the instant petition, there has been no final judgment to date on the Antonio Ray murder charges, because Petitioner has yet to be tried for that offense. The fact that he is in custody as a result of a judgment of conviction for a different offense, does not confer jurisdiction for this court to consider his petition for relief on a case where there has been no final judgment rendered by a State court. In the instant petition, Petitioner does not seek to challenge his confinement on that previous conviction. He is instead continuing his quest to prevent his prosecution in yet another murder case. The habeas statute cannot provide the relief Petitioner seeks at this stage of his case.

Accordingly, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice, because Petitioner may yet seek future relief after judgment has been entered and after he has exhausted his state appellate and post-conviction remedies.

**IT IS SO ORDERED.**

**Dated:** February 8, 2011

David R. Herndon
2011.02.08
13:42:52 -06'00'

**Chief Judge**
**United States District Court**